JOERRES and wife, Respondents, v. KOSCIELNIAK and wife, Appellants.

*March 7—April 4, 1961.*

For the appellants there was a brief by *George E. Frederick,* and oral argument by *William P. McGovern,* both of Milwaukee.

For the respondents there was a brief and oral argument by *Henry A. Tessmer* of Milwaukee.

BROADFOOT, J. The defendants state that, although the trial court found specifically they were trustees under an implied trust, it appears from other findings of fact that they were held to have been trustees under a constructive trust. Generally, implied trusts are those that arise by operation of law, and the term is sufficiently broad to cover constructive trusts and also resulting trusts in those states that recognize them. Sec. 231.06, Stats., refers to implied trusts and provides that prior sections of the statutes abolishing uses and trusts in part shall not extend to trusts arising by implication of law. We agree that as a result of the trial court's findings the defendants were held to be trustees under a constructive trust.

The defendants then cite cases that state the quantum and quality of proof required to establish a constructive trust. They contend that the plaintiffs did not produce sufficient clear and satisfactory evidence to support the findings of the trial court.

There is no dispute as to the facts until the parties testify to the conversations and agreements they had prior to the conveyance by Mr. Schultz to the defendants. Plaintiffs testified that Mr. Koscielniak was asked to help them out of their financial difficulties, either by selling the property or by obtaining financing for them. Schultz testified that he considered his deed from the plaintiffs to be the same as a mortgage and in a conference at his office the arrangements between plaintiffs and Schultz were discussed in the presence of Mr. Koscielniak. At the time of the conveyance by

Schultz to the defendants they had already arranged for a mortgage with a savings and loan association. Plaintiffs testified that they had an oral agreement with the defendants that included making monthly payments in an amount that would retire the mortgage according to its terms. When the extra lot was sold, Anthony Joerres asked Mr. Koscielniak about the proceeds and was told that the entire amount had to be paid on the mortgage. Plaintiffs remained in possession and frequently discussed refinancing in their names with Mr. Koscielniak but were told that the market was not right and other financing was not then available. It was not until the spring of 1958, according to the plaintiffs, that they first learned that the defendants claimed the property as their own and did not intend to convey it to the plaintiffs or to help finance it in their names. In the meantime plaintiffs had remained in possession of the property, had spent money on improvements with the knowledge of the defendants, and they started this action soon after they learned of the attitude of the defendants. Anthony Joerres and Mr. Koscielniak had been close friends for twenty-eight years. After their respective marriages they visited at each other's homes. Defendants testified that the only agreement they had with the plaintiffs was oral and provided that they could repurchase the premises within one year at a price of $9,200.

It was the duty of the trial court to resolve this conflict in the testimony. If the trial court believed the testimony of the plaintiffs, the evidence was sufficient to support its determination that the defendants held the property as trustees for the plaintiffs.

The trial court found that the plaintiffs were fraudulently induced by the defendants to enter into the agreement whereby their property was conveyed to the defendants by Schultz. It may be that there was no fraudulent intent on the part of

the defendants at that time. However, if they later changed their minds and decided to retain the property, together with the improvements and payments made by the plaintiffs, that fraudulent plan would support a determination that they were holding the property as trustees of a constructive trust.

"There are numerous cases to the effect that, where at the time of the transfer the transferee was in a confidential relation to the transferor, and the transferor relied upon his oral promise to reconvey the land, he is chargeable as constructive trustee of the land for the transferor. In these cases it is held that the constructive trust will be imposed even though at the time when he acquired the property the transferee intended to perform his promise and was not therefore guilty of fraud in acquiring it; and even though the transferee did not take improper advantage of the confidential relation in procuring the transfer and was not therefore guilty of using undue influence. The abuse of the confidential relation in these cases consists merely in his failure to perform his promise." Scott, Abridgement of the Law of Trusts, p. 104, sec. 44.2.

There was a confidential relationship between the parties because of their long personal friendship and mutual trust. It is not necessary that there be a fiduciary relationship. The family relationship or a confidential relationship such as we have here is sufficient. The latest Wisconsin cases dealing with constructive trusts are *Masino v. Sechrest,* 268 Wis. 101, 66 N. W. (2d) 740; *Nehls v. Meyer,* 7 Wis. (2d) 37, 95 N. W. (2d) 780. A full discussion of the law appears therein.

The defendants next contend that if it be determined that they held the property under an implied or constructive trust, such trust was terminated prior to the commencement of the action by plaintiffs. Their argument is based first of all on their claim that the agreement of the plaintiffs with Schultz was that they might redeem the property within

approximately one year. That is true so far as the written documents were concerned but Schultz testified that he considered his deed a mortgage. He did extend their agreement several months and indicated that he was willing to make a further extension. Mr. Koscielniak testified that he also made an oral agreement to permit plaintiffs to repurchase the property within one year. Since more than four years had elapsed from the time of the acquisition of title by the defendants up to the time of the commencement of the action, they contend that this was an unreasonable time within which plaintiffs could exercise their right to repurchase the property either under the oral agreement or under an implied trust. They further argue that if such a trust is held to exist for an indefinite period of time, then it is void for uncertainty.

Once the mutual relationship of trustee and *cestui que trust* is established, it cannot be changed without mutual consent. *Estate of Horkan,* 193 Wis. 286, 214 N. W. 438. During all of the time, plaintiffs remained in possession of the property under claim of right and paid over a sufficient sum to service the mortgage. There is nothing in the record to indicate that plaintiffs ever consented to a termination of the trust and defendants could not modify or terminate it without their consent.

Finally, the defendants contend that on the accounting they were entitled to certain costs and expenses and payment for services rendered by them in connection with their attempts to sell and finance the property and in connection with the management thereof. The trial court did credit them with certain expenditures they made, but disallowed any claims for commissions and fees for supervision.

The matter of compensation to a trustee for services is within the sound discretion of the court in view of the particular circumstances in each case. *Estate of Teasdale,*

261 Wis. 248, 52 N. W. (2d) 366. In *Will of Leonard,* 202 Wis. 117, 230 N. W. 715, this court stated that want of fidelity forfeits a trustee's right to compensation on obvious principles of justice. The *Leonard Case* and the same principle were approved in *Matter of Filardo,* 221 Wis. 589, 267 N. W. 312. When the defendants abused their confidential relationship by claiming the property adversely to the plaintiffs, the trial court, in its judicial discretion and on equitable principles, could disallow the claims that it did. This reduction or denial of compensation is not for the purpose of imposing a penalty upon the trustees for committing a breach of trust but on the ground that they have not properly performed the services for which compensation is to be given.

A review of the record indicates that an implied or constructive trust was clearly established by the testimony, that it was not terminated by the plaintiffs, and that upon the accounting the trial court did not abuse its discretion with reference to the allowance of certain claimed compensation.

*By the Court.*—Judgment affirmed.